In the United States District
Court
Middle District
of Florida
Jacksonville Division

FILED

99 AUG 26 PM 3: 32

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

99-873- Cv-J-21 A

Janice E. Morrison
       Plaintiff

      vs.


Jacksonville Port Authority
Kurt W. Ferguson, as President, UBC,
Local 2081, Helene D. Meyer,
Ray M. Vanlandigham as Vice
President of Corporate Ser.,
Keith G. Cheryls, et al.
            Defendents


------------------------------

        Civil Rights
        Complaint
     Plaintiff's Name and Address:
1. Janice Morrison
P.O. Box 9401
Jacksonville, Fl 32208

2. Defendent's names and addresses are:
Place of employment, Jacksonville Port
Authority, P.O. Box 3005, 2831 Talleyrand Ave.,
Jacksonville, Fl 32206 - 0005.httpl.www.
     JAX, Port.Com

1

Statement of the case
employment discrimination.
This employment discrimination
lawsuit is brought pursuant to
Title VII of the Civil Rights Act
of 1064, as amended jurisdiction is
specifically conferred on this court
by 42-USC, Section 2000 E5, and
relief is sought under 42-USC,
2000F 5G.,

citing race and color,
thus termination of my employment.
It was stated falsely
by Ray M. Vanlandingham on the date
of Oct. 28th, 1997, and on June 10th, 1997
that plaintiff received an employee
discipline report because of poor
attendance "record", and also received
a mandatory referral to the employee
assistance program, EAP, and that
the mandatory referral was to remain
in effect until released by the EAP.
First of all in argument
plaintiff states that the record
does not show any claim pursuant to poor
attendance.

2. Also the mandatory referral
which was given on the date of June 10th, 1997
must have an ending date.  It cannot be
an indefinite issue "so as to say one can wait

2

Statement of case con't...
until he or she gets ready to rule
upon the issue". Clearly the illegal act
violates the United States Constitution's
expost facto clause under the
Fair Warning Act, Article 1, Section 9CL.3,
Miller vs. Florida.

This case must be
compared with Michelle Bazile and
Michael McGinnis vs. Ford Motor
Company, U.S. District Court, N.D.
Illinois, April 22, 1997, Civil Rights
Act of 1964, Section 701, EF SEQ 92-USCA
Section 2000F EF SEQ.

Note, on the date
of Aug. 25, 1997, pursuant to the
meeting with Keith Guyot on Aug.
22, 1997, it was stated that
Ms. Morrison felt that she was
being discriminated upon because:
   1. She did not get a new chair.
   2. Did not get a larger cubicle.
   3. She was not sent to J. D. Edwards
   classes.
   4. Did not get a larger increase-
   ment in pay as the AR Specialist.
   5. And that she was upset pursuant
   to her movement when she was
   promoted to AP Technician.

3

Argument and memo of
law in support...
The clear fact that Ms. Morrison
did not get a new chair, did not get a
larger cubicle and was not sent
to J. D. Edwards classes, "thus did
not get as larger increasement in
pay as others did"...

Clearly all these
acts...if did for others and
not done for Ms. Morrison,
violates the 14th Amendment's
equal protection clause of
the United States Constitution,
because Ms. Morrison was not
treated equally.  "Clearly she was
served with an "evil eye" and an
"unqualified hand".  The illegal act
also violates the 8th Amendment
and Civil Rights Act of 1964,
pursuant to discriminatory with
respect to race and color...

Note, 1. It was stated
on the date of Oct. 17th, 1997, 'that
on June 10, 1997', that Ms. Morrison
received an employee discipline report
because of poor attendance record and
2. Received a mandatory referral
to the employee assistance program
EAP, and that the mandatory referral...

4

Argument con't...
was to remain in effect until
released by the EAP.

Facts there is
nothing in the contract when
Ms. Morrison was first employed which
states any manners in which
Ms. Morrison could receive any mandatory
referral and be placed in the
Employee Assistance Program, "Clearly
the illegal act places Ms. Morrison
to a disadvantage, wherein the illegal
act violates the United States
expost facto clause, Fairwarning
requirement, See: Art. 1, Section
10 CL 1, N33.

Seltzer vs. Cochrane inre
Seltzer 1996 CA9-NEV. 104 F3d.234
96. CDS 9328.96. Daily Journal DAR.
153.68 2.EBC. 2331.

Wherein if an issue
was mandatory or an employee was to
receive a referral then Ms. Morrison
should have been given a fair warning
in writing, when she was first hired
by the company, the company failed to
do so, and therefore clearly violated
the United States Constitution's expost
facto clause under the fair warning
requirement.

5

Argument and memo
of law in support
con't...
Racial discrimination.
Ms. Morrison's (who is a black
female) equal protection rights
were violated pursuant to promotions
of white females.

Note "a white
female who killed herself namely:
Janice Keen, suffered emotionally
day by day, such as screaming and
crying while working alongside of
the plaintiff at the Jacksonville
Port Authority" was not referred
to the EAP.  Pursuant to any safety
relationship factors, nor was she
ordered to take any counseling
whatsoever.

For employment
discrimination, See Cannatella vs.
City of New Orleans 1996, CAO.LA.100
F3d 1159.

On the date of Aug.
25, 1997, Ms. Morrison received
a threating letter from Cheryl Spires
telling her in writing
that if her attitude was not
improved upon immediately further action
would be taken.

6

Extortiion claim...
The defendant in this
instant case is also guilty of
a criminal act, which clearly
constitutes punitive damages,

See Section 836.05
Florida Statutes 1997, which
makes it a criminal charge upon
whoever, either verbally or by written
or printed communication, maliciously
threatens an injury to the person
property or reputation of another...
with intent to compel the person
who was threatened...

It is also very clear
that Ms. Cheryl Spires, who
is a white female accounting manager,
harassed plaintiff pursuant
to having "only" the plaintiff to
sign in at the guard station when she
came to work early, wherein other
white female workers were not
required to check in at the
guard station when they came to
work early, clearly the illegal
act is in violation of Title VII
of the 1964, Civil Rights Act, as in
discrimation.

7

Ms. Morrison filed a written complaint to the defendents named in the claim of discriminatory practices.  In return Ms. Morrison was retaliated upon pursuant to being fired from her job.

Citing Goff v. Continental Oil Co. 678.F2d 593, 599 - 5th Circ. 1982, Kickerson v. Metropolitan Dade County, 695.F2d 574.580 81, 5th Circ. 1981, Accord Mayberry v. Vought Aircraft Co. 55.F3d 1086.1092, 5th Circ. 1995, Pierce v. Texas Dept. of Criminal Justice, 37F3d 1146.1151, 5th Circ. 1994 Cert. denied, U.S. 115S.Cf. 1957 131 L. ed2d 849. 1995, Barrow v. New Orleans S.S. ASSN 10 F3d 292.297 5th Cir. 1994, Shirley v. Chrysler First, Inc., 970 F2d 39,42, 5th Cir. 1992.  Also it is very clear from the face of the record that Ms. Morrison's First Amendment Rights "has so" been violated therefore the Court must weigh the competing interacts-balancing the employees interest, as a citizen, citing Mount Healthy City Sch. Dist. Bd of Educ. vs. Doyl, 429 U.S. 274. 287. 92. S. cf.568. 576 So Led.2d 471 1977, Wherein a...

8

                    First Amendment rights
                        con't...
state or other governmental
entity may not condition public
employment on grounds that infringe
employment on grounds that infringe
on its employees constitutionally
protected right to be free of
expression, "clearly discrimination
of races is a matter of public
concern and also 'public interest'"
which amounts to more than self-
expression.  See Dafvis v. Ecfor, County
40 F3d 777-782. 5th Cir. 1994.

                    In relief sought
                and conclusion...
Plaintiff, Janice E. Morrison
enters a claim pursuant to 42.U.S.C.,
Sectiion 1988, for attorney fees
in the amount of $20,000.00.
    2. Pain and suffering $500,000.00
    3. Emotional distress $300,000.00.
    4. Last of money through traveling
  "Exp." from 1987 until as of
  now...$6000.00
    5. Punitive damages $500,000.00.

        It is respectfully prayed
that the most Honorable Cour: grant
plai..tiff's lawsuit.
                    Respectfully submitted,

                    Janice E. Morrison

9

                          Certificate
                          of Service

I hereby certify that a copy
of the foregoing Civil Rights
Complaint Lawsuit has been
furnished by U.S. Mail to
the office of the Clerk
of the United Staes District
for kthe Middle District of
Florida, Jacksonville Division
this _____ day of _____ 1999.
         1. Name: Janice E. Morrison
         2. Address: P.O. Box 722
      Jacksonville, Fl 32201


                    State of Florida
                    County of Duval

     Sworn to and Subscribed to
before me, a Notary Public, State
of Florida, this_____day of _____1999.

          Signature of Notary Public


     1. Name: _____

     Norarized pursuant
      to Statute,